IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DARMATRICE LOVE,**

    **Petitioner,**

                                        Civil Action No. 1:20CV69
                                        Criminal Action No. 1:17CR32-5
**v.**                                                 (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

Pending is the pro se petition filed by Darmatrice Love ("Love") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Dkt. No. 1671).[1] For the reasons that follow, the Court **DENIES** his petition.

**I. BACKGROUND**

**A. Underlying Criminal Case**

On June 6, 2017, Love was named in four counts of a 129-count indictment and forfeiture allegation (Dkt. No. 1). However, on June 20, 2017, the grand jury returned a superseding indictment adding and renaming defendants, but charging Love with the same four offenses: (1) Conspiracy to Distribute Oxycodone, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 ("Count One"); (2) Aiding and Abetting Maintaining a Drug-Involved Premises, in

---

[1] All docket numbers refer to Criminal Action No. 1:17CR32 unless otherwise noted.

violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2 ("Count Twenty-Six"); (3) Aiding and Abetting Distribution of Oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 ("Count Thirty"); and (4) Unlawful Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Thirty-Three") (Dkt. No. 143).

On March 22, 2018, pursuant to a plea agreement, Love pleaded guilty to Count Twenty-Six of the Superseding Indictment (Dkt. Nos. 988, 990). That plea agreement contained a stipulation by the parties that Love's relevant drug weight was between 3,000 kilograms and 10,000 kilograms of marijuana equivalent (Dkt. No. 990 at 3). It also included a waiver of Love's appellate and collateral attack rights for any sentence that had a base offense level of thirty-two (32) or lower under the advisory guidelines. Id. at 4.

At the sentencing hearing held on July 23, 2018, the Court accepted that Love's relevant conduct was at least 3,000 kilograms but less than 10,000 kilograms of marijuana equivalent (Dkt. No. 1231 at 14-17). It also increased his base offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(12), after finding that he had maintained a premises for the purpose of distributing a

**LOVE v. UNITED STATES**                                    **1:20CV69/1:17CR32-5**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

controlled substance (Dkt. No. 1231 at 14-17). Because it calculated Love's base offense level at a thirty-four (34), the Court advised him that the waiver of his appellate and collateral rights in the plea agreement was not effective. Id. at 17-18, 33. After granting him a three-level reduction for acceptance of responsibility, the Court sentenced Love to 135 months of imprisonment to be followed by 3 years of supervised release (Dkt. Nos. 1194, 1231 at 31-33).

Love appealed his sentence to the Fourth Circuit on August 1, 2018 (Dkt. No. 1198). Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there were no meritorious grounds for appeal but questioning whether application of the base offense level increase for maintaining a drug involved premises was impermissible double counting (Dkt. No. 1327). On March 7, 2019, the Fourth Circuit affirmed Love's sentence (Dkt. Nos. 1327, 1328).

**B. Section 2255 Petition**

On April 16, 2020,[2] Love filed his pro se petition pursuant to 28 U.S.C. § 2255, arguing prosecutorial misconduct and

---

[2] Love's sentence became final on June 5, 2019, the date on which "the time for filing [his] petition for certiorari expire[d]." United States

3

**LOVE v. UNITED STATES**                                                                    **1:20CV69/1:17CR32-5**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

ineffective assistance of counsel in violation of his constitutional rights (Dkt. No. 1671). In support of his prosecutorial misconduct claim, Love asserted that the Government had breached his plea agreement (Dkt. Nos. 1671, 1697). Regarding his ineffective assistance of counsel claim, Love contended his attorney had failed to advise him that his base offense level could be increased because he maintained a drug involved premises (Dkt. Nos. 1671, 1697). He also argued that his attorney failed to object to that increase at sentencing, and further claimed that his appellate counsel was ineffective for failing to raise these issues on appeal (Dkt. Nos. 1671, 1697). The Government has disputed all of Love's claims (Dkt. No. 1776). The issues are fully briefed and ripe for decision.

## II. APPLICABLE LAW

Section 2255 permits a federal prisoner who is in custody to assert the right to be released if (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;"

---

v. Oliver, 878 F.3d 120, 125 (4th Cir. 2017). Accordingly, following a preliminary review, the Court concluded that Love's petition was timely filed within a year from "the date on which [his] judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1).

4

**LOVE v. UNITED STATES**                              **1:20CV69/1:17CR32-5**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. U.S., 261 F.2d 546, 547 (4th Cir. 1958).

### III. DISCUSSION

Following its review of the record, the Court concludes that Love's prosecutorial misconduct and ineffective assistance of counsel claims are without merit.

**A. Prosecutorial Misconduct**

Love first contends that the Government breached the parties' plea agreement by increasing his base offense level for maintaining a drug involved premises (Dkt. No. 1697 at 5-6). To prevail on a prosecutorial misconduct claim, a petitioner must establish that (1) the Government's alleged misconduct was improper, and (2) the alleged misconduct prejudiced him. See United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007).

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it could be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971).

**LOVE v. UNITED STATES**                                    **1:20CV69/1:17CR32-5**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

However, "'the government is held only to those promises that it actually made,' and 'the government's duty in carrying out its obligations under a plea agreement is no greater than that of fidelity to the agreement.'" United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009) (quoting United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994)).

Love has fundamentally misconstrued the terms of his plea agreement. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Court was never bound to follow the parties' sentencing recommendations or stipulations as contained in the plea agreement (Dkt. No. 990 at 2-3). At Love's plea hearing, the Court emphasized this point, informing him that his "plea agreement contain[ed] certain nonbinding recommendations and stipulations" that it was free to "accept or reject" (Dkt. No. 1230 at 14-15).

Even more to the point, in this case the Government did not stipulate to a particular base offense level as part of the parties' agreement, but rather stipulated to a particular relevant drug weight that corresponded to an offense level of thirty-two (32) (Dkt. No. 990 at 3). U.S.S.G. § 2D1.1(c)(4). That stipulation, however, did not bind the Court to a specific base offense level. As it advised Love during the plea hearing, if his base offense

6

**LOVE v. UNITED STATES**  1:20CV69/1:17CR32-5

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

level ultimately was a thirty-two (32) or lower, he had agreed in his plea agreement to waive his appellate and collateral attack rights (Dkt. Nos. 990 at 4, 1230 at 30-32). But no term of his plea agreement required that his base offense level be fixed at a thirty-two (32) or lower.

During his plea hearing, Love acknowledged that the parties' plea agreement contained all the terms he and the Government had agreed to, and that no one had promised him anything more in a separate agreement in order to induce him to plead guilty (Dkt. No. 1230 at 16, 37-38). Accordingly, as "the government is held only to those promises that it actually made," Dawson, 587 F.3d at 645, the fact that the Court increased Love's base offense level for maintaining a drug-involved premises was not in breach of his plea agreement with the Government, and Love's prosecutorial misconduct claim therefore is without merit.

**B. Ineffective Assistance of Counsel**

Love next argues that both his trial and appellate counsel provided ineffective assistance. To succeed on such a claim, a petitioner must establish, by a preponderance of the evidence, that (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland v.

7

**LOVE v. UNITED STATES**                              **1:20CV69/1:17CR32-5**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

Washington, 466 U.S. 668, 687 (1984). The petitioner must "satisfy both prongs, and a failure of proof on either prong ends the matter." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

To satisfy the first prong, a petitioner must demonstrate that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687–88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

To satisfy the second prong, a petitioner must establish that his counsel's error was not harmless error, but prejudiced the outcome of the case. Strickland, 466 U.S. at 694. Specifically, in the context of a guilty plea, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's

8

**LOVE v. UNITED STATES**                    **1:20CV69/1:17CR32-5**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### 1. Trial Counsel

Love contends his trial counsel failed to advise him about the possibility that an increase in his base offense level pursuant to U.S.S.G. § 2D1.1(b)(12) would increase his range of imprisonment under the guidelines. Whether or not this failure to advise occurred, Love cannot establish ineffective assistance on this ground because no prejudice resulted.

"[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992), cert. denied, 513 U.S. 1060 (1994). Accordingly, "'mis-advice respecting sentencing possibilities' could not be a 'but for' cause of a guilty plea where the plea is 'based on risk information given . . . by the sentencing court.'" United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (quoting United States v. Craig, 985 F.2d 175, 179-80 (4th Cir. 1993)).

**LOVE v. UNITED STATES**                              **1:20CV69/1:17CR32-5**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

At the plea hearing, upon inquiry by the Court, Love confirmed that he understood that his maximum exposure was "20 years of imprisonment, a fine of not more than $500,000, or both, and a period of supervised release of at least 3 years" (Dkt. No. 1230 at 24).[3] He also confirmed his understanding "that the sentence imposed by the Court may be different from any estimate [counsel] may have given or what [he] thought it would be." Id. at 28.

At sentencing, in accord with this information, the Court ultimately imposed a sentence below the statutory maximum and within the guideline range (Dkt. Nos. 1194, 1231 at 31-33). Consequently, "any misinformation [Love] may have received from his attorney [about a base offense level increase] was corrected by the trial court at the Rule 11 hearing, and thus [Love] was not prejudiced." Foster, 68 F.3d at 88.

Moreover, to the extent Love claims that his plea was involuntary based on his counsel's failure to inform, this argument fails for the same reasons. At his plea hearing, the Court informed

---

[3] Although his maximum term of supervised release was in fact 3 years and not "at least 3 years," 18 U.S.C. § 3583(b)(2), Love does not argue that his counsel failed to inform him of this possibility. Instead, his argument is based on his counsel's alleged failure to advise him about the possibility of a base offense level increase, which would have impacted his guideline range of imprisonment, not his maximum or guideline term of supervision. Id.; U.S.S.G. § 5D1.2(a)(2).

10

**LOVE v. UNITED STATES**                               **1:20CV69/1:17CR32-5**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

Love of his maximum term of imprisonment and that the sentence he could receive might differ from any estimate he and counsel may have previously discussed. Manley v. United States, 588 F.2d 79, 81 (4th Cir. 1978) ("[T]he defendant contemplating a plea of guilty must have 'a complete understanding of the possible sentence.'" (quoting Pilkington v. United States, 315 F.2d 204, 210 (4th Cir. 1963)). Furthermore, during the Rule 11 colloquy Love confirmed unequivocally that his guilty plea was knowing and voluntary (Dkt. No. 1230 at 23-37). Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant . . . constitute a formidable barrier in any subsequent collateral proceedings.").

Love further alleges that his counsel failed to object to the increase in his base offense level during his sentencing hearing. Pursuant to U.S.S.G. § 2D1.1(b)(12), a defendant's base offense level shall be increased by two levels if he "maintained a premises for the purpose of manufacturing or distributing a controlled substance." "Among the factors the court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises."

11

**LOVE v. UNITED STATES**                                                      **1:20CV69/1:17CR32-5**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

U.S.S.G. § 2D1.1 cmt. n.17. Importantly, "[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises." Id.

    Here, the evidence overwhelmingly supported the Court's decision to increase Love's base offense level. According to the Government's proffer at the plea hearing and its version of the offense contained in the presentence report ("PSR"), Love and his co-defendant, Kenyatta Boudreaux ("Boudreaux"), rented an apartment in Morgantown, West Virginia, in October 2016 (Dkt. Nos. 1190 at 8, 1230 at 20-21). Tax records established that neither Love nor Boudreaux was employed in West Virginia (Dkt. Nos. 1190 at 8-9, 1230 at 21). Through the use of a pole camera and wire intercepts, law enforcement determined that the apartment rented by Love served as the focal point for the drug trafficking conspiracy charged in the Indictment (Dkt. Nos. 1190 at 8, 1230 at 21). Consequently, in March 2017, law enforcement executed a state search warrant at the residence and discovered crack cocaine and a drinking cup designed to conceal drugs (Dkt. Nos. 1190 at 9, 1230 at 21-22). Following that search, Boudreaux informed the

LOVE v. UNITED STATES                                1:20CV69/1:17CR32-5

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

landlord that she and Love no longer needed the apartment (Dkt. Nos. 1190 at 9, 1230 at 22).

At his plea hearing, Love confirmed the accuracy of the Government's proffer that he had maintained an apartment in Morgantown for the purpose of distributing drugs (Dkt. No. 1230 at 22). He admitted that he "got the apartment for us to sell drugs for somebody -- you know, my friends . . . have a place to hang out and sell drugs." Id. at 23. And in a statement to the probation officer, he reiterated that he had "maintain[ed] a drug premises for known drug dealers to distribute oxycodone. From October of 2016 to March of 2017" (Dkt. No. 1190 at 12).

Given the overwhelming and uncontested evidence that Love "maintained a premises for the purpose of manufacturing or distributing a controlled substance," U.S.S.G. § 2D1.1(b)(12), his attorney's decision not to object to the increase in his base offense level for that purpose was objectively reasonable. United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999) (holding that "[a]n attorney's failure to raise a meritless argument [] cannot form the basis of a successful ineffective assistance of counsel claim"). And even had counsel objected, based on the weight of the evidence Love cannot establish "a reasonable probability that . . .

13

**LOVE v. UNITED STATES**                                        **1:20CV69/1:17CR32-5**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

. the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Love's ineffective assistance claim on this ground therefore fails.

   **2. Appellate Counsel**

Love claims his appellate counsel failed to argue that the Government breached the plea agreement and the Court improperly increased his base offense level.[4] But "[r]equiring counsel to raise every claim, or even a multiplicity of claims, runs the risk of detracting from contentions that may be truly meritorious. Appellate counsel accordingly enjoys a 'presumption that he decided which issues were most likely to afford relief on appeal,' a presumption that a defendant can rebut 'only when ignored issues are clearly stronger than those presented.'" United States v. Baker, 719 F.3d 313, 318 (4th Cir. 2013) (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)).

Here, the arguments Love contends should have been raised on appeal must be "clearly stronger than those presented" by appellate counsel. Baker, 719 F.3d at 318. Pursuant to Anders, Love's

---

[4] Love phrases this second ground for appeal as a failure to challenge "such classification" (Dkt. No. 1697 at 8-9). The record makes clear, however, that Love is referencing the increase in his base offense level (Dkt. No. 1697).

14

**LOVE v. UNITED STATES**  1:20CV69/1:17CR32-5

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

appellate counsel concluded there were no meritorious grounds for appeal but questioned whether application of the base offense level increase for maintaining a drug involved premises was impermissible double counting (Dkt. No. 1327). But the Fourth Circuit has rejected this argument, holding that the guidelines permit double counting unless specifically prohibited. Id. at 2 (citing United States v. Dowell, 771 F.3d 162, 170 (4th Cir. 2014)).

Love's two proposed arguments are without merit and thus not "clearly stronger." Baker, 719 F.3d at 318. The Government did not breach his plea agreement, and there was overwhelming evidence supporting the Court's decision to apply the base offense level increase under U.S.S.G. § 2D1.1(b)(12). Accordingly, Love cannot rebut the "presumption that [appellate counsel] decided which issues were most likely to afford relief on appeal." Baker, 719 F.3d at 318. His ineffective assistance of counsel claim therefore fails.

## IV. CONCLUSION

For the reasons discussed, the Court **DENIES** Love's § 2255 petition (Dkt. No. 313) and **DISMISSES** this case **WITH PREJUDICE**.

It is so **ORDERED**.

15

**LOVE v. UNITED STATES**                                          **1:20CV69/1:17CR32-5**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

The Clerk **SHALL** enter a separate judgment order in favor of the United States; transmit copies of this Order and the judgment order to Love by certified mail, return receipt requested, and to counsel of record by electronic means; and strike this case from the Court's active docket.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rules Governing Section 2255 Proceedings 11(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Love has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v.

16

**LOVE v. UNITED STATES**                                    **1:20CV69/1:17CR32-5**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION**

Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Love has failed to make the requisite showing, and **DENIES** issuing a certificate of appealability.

DATED: September 8, 2022

                                            /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE